UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CR-097 JD |
| | ) | |
| TANZELL MORRIS | ) | |

## ORDER

No objections have been filed to the magistrate judge's findings and recommendation upon a plea of guilty issued on April 28, 2020 [DE 26]. The court finds that the change of plea, conducted via VTC, complies with Section 15002(b)(2)(A) of the CARES Act. First, the defendant consented to the video hearing after consultation with counsel. [DE 24]. Next, pursuant to General Order 2020-08, the Chief Judge of the district has concluded that in-person hearings can not be conducted without seriously jeopardizing public health and safety as a result of the current Covid-19 pandemic. Finally, the court determines that the plea in this case cannot be further delayed without serious harm to the interests of justice. The defendant has been in custody since February 7, 2020. It is difficult to project when our courts may reopen to in person hearings as such proceedings are currently suspended until at least June 2, 2020 consistent with General Order 2020-14A and the spread of the virus continues. Regardless, the interests of justice demand that the defendant have access to the courts, to exercise his legal rights, and to achieve a disposition without unnecessary delay. Accordingly, the court now ADOPTS those findings and recommendations, ACCEPTS defendant Tanzell Morris' plea of guilty, and FINDS the defendant guilty of Count 1 of the Indictment, in violation of 18 U.S.C. § 922(g)(1).

Any objections a party submits to the probation officer in response to the draft Presentence Report must specifically identify the basis of the objection and any supporting authority. Should the Addendum to the final Presentence Report reflect any outstanding objections by a party, that party must specifically state in its sentencing memorandum whether it maintains that objection.

If so, the party must identify the basis and authority for its objection and, where applicable, any evidence the party expects to offer in support of that objection. The party should also state if, consistent with Rule 32(i)(3)(B), it does not believe a ruling on that objection will be necessary.

SO ORDERED.

ENTERED: May 13, 2020

      /s/JON E. DEGUILIO
Judge
United States District Court